UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCELORMITTAL PLATE,
L.L.C., *et al.*,

       Plaintiffs,

v.

LAPEER INDUSTRIES, INC.,
*et al.*,

       Defendants.
_____/

Case No. 2:19-cv-13527
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## **CORRECTED ORDER DEEMING RESOLVED IN PART and GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY AGAINST DEFENDANTS LAPEER, BRENTWOOD, S&S HOLDINGS AND THIRD-PARTY DEFENDANTS (ECF No. 68)**

Currently before the Court is Plaintiffs' July 8, 2020 motion to compel discovery against defendants Lapeer, Brentwood, S&S Holdings and third-party defendants (ECF No. 68), regarding which several Defendants have filed a response (ECF No. 74),[1] Arcelormittal has filed a reply on August 4, 2020 (ECF No. 79), and the parties have filed a joint list of unresolved issues (ECF No. 88).

Judge Parker has referred this motion to me for hearing and determination. (ECF No. 69.) A video hearing was noticed for August 27, 2020, at which

---

[1] Although tardy under E.D. Mich. LR 7.1, this response will be accepted.

attorneys Ashleigh J. Morpeau, Edward J. Hood, Rita M. Lauer, and Andrew J. Kolozsvary appeared.  (ECF Nos. 72, 85.)

Having reviewed the motion papers and considered the oral argument of counsel for the parties, and for the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, the motion (ECF No. 68) is **DEEMED RESOLVED** as to the resolved issues listed in the parties' joint statement (ECF No. 88, PageID.2670-2672).  This agreement will be enforced, and any noncompliance will be subject to Fed. R. Civ. P. 37(b) ("Failure to Comply with a Court Order.").

Also, the motion is (ECF No. 68) is **GRANTED** to the extent Plaintiffs seek information and documents sufficient to identify S&S Holdings' and Brentwood's respective creditors (ECF No. 88, PageID.2668-2670).  Any relevance-based objection is **OVERRULED**, as the information sought is relevant to the fraudulent conveyance claim, whether it reflects intent, knowledge or consideration.  Fed. R. Civ. P. 26(b)(1).  Moreover, production of documents is not limited to whether the requested items are possessed; rather, it encompasses what is within "the responding party's possession, custody, or control[,]" Fed. R. Civ. P. 34(a)(1).  *See Ford Motor Co. v. InterMotive, Inc.*, No. 4:17-CV-11584, 2020 WL 3263825, *4-*5 (E.D. Mich. June 17, 2020).

Keeping in mind that the discovery deadline is October 16, 2020 (ECF No. 76), and that control is allegedly being denied, at least in part, by another party to this case, no later than **Tuesday, September 8, 2020**: **(1)** Defendants S&S Holdings and Brentwood will produce the documents received from accountant Steve Rodriguez in response to their subpoenas (*see* ECF No. 74-2); and, **(2)** attorney Lauer shall send to Plaintiff's counsel a letter, which identifies where within the documents that have been produced thus far the creditors' identities and information can be located, referencing Bates-stamp numbers where available. Meanwhile, Plaintiff: **(1)** may send an interrogatory to Defendant Howmark to certify and list creditors and/or a request for production to obtain books and records of named parties;[2] and, **(2)** for the time being, may seek Rodriguez's deposition via video conference, *e.g.*, by Zoom.

No costs or expenses are awarded, because much of the motion was resolved, its remaining parts were not fully granted, and, to the extent it was granted, "other circumstances make an award of expenses unjust[,]" Fed. R. Civ. P. 37(a)(5)(A)(iii), where, as here, an officer of the Court has explained in detail the difficulties she has encountered in attempting to obtain material over which her client should be in control but is being denied by another. Accordingly, the Court

---

[2] Whether there are outstanding discovery requests to Howmark is an issue for another day and not currently before the Court.

3

declines to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Finally, as to Plaintiff's August 26, 2020 motion (ECF No. 90), which claims that discovery responses are overdue and which has been referred to me for hearing and determination (ECF No. 91), Plaintiffs' counsel confirmed receipt of responses, although there may still be two to three requests at issue. No later than **Thursday, September 3, 2020**, Plaintiffs' counsel will revisit the motion (ECF No. 90) and either: **(1)** withdraw it, subject to the right to refile a modified version that reflects a more current state of affairs; or, **(2)** file a supplement to the motion (not to exceed 5 pages), which clarifies what remains at issue. If the motion is withdrawn but refiled, then briefing should occur in accordance with E.D. Mich. LR 7.1. If a supplement is filed, then the Court will issue a briefing schedule and notice of hearing.

**IT IS SO ORDERED.**

Dated: August 28, 2020     s/*Anthony P. Patti*
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE